UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE SHEET METALWORKERS LOCAL N0. 73 WELFARE FUND, | ) ) ) ) | Case No.: |
| Plaintiffs, | ) ) ) | Judge: |
| v. | ) ) | Magistrate Judge: |
| OAKLEY STEEL PRODUCTS CO., | ) ) | |
| An Illinois Corporation, | ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, THE TRUSTEES of the SHEET METAL WORKERS LOCAL NO. 73 WELFARE FUND ("**Plaintiffs**" or "**Plaintiff Funds**"), by and through their attorneys at Gregorio ♦ Marco, P.C., bring the following action against OAKLEY STEEL PRODUCTS COMPANY (Hereinafter "**Defendant**" or "**Company**"). In support, the Plaintiffs state as follows:

### Count I (ERISA)

1. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq.* (hereinafter referred to as "ERISA"). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Plaintiff Funds are multiemployer plans as defined under 29 U.S.C. § 1002. Their principal offices are located at 4550 Roosevelt Road, Hillside, Illinois, within the Northern District of Illinois.

3. The Defendant is an employer engaged in the sheet metal industry. Its principle office is located at 650 28th Avenue, Bellwood, Illinois, and is within the Northern District of Illinois.

4. The Plaintiff Funds receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Plaintiff Union.

5. On July 20, 2015, Defendant executed a Collective Bargaining Agreement (hereinafter "CBA") with the Sheet Metal Workers' Union, Local No. 73, a true and correct copy of which is attached hereto as **Exhibit A**.

6. The CBA requires Defendant to contribute to the Sheet Metal Workers' Union Local No. 73 Welfare Trust (Ex. A at Article XIII) and binds Defendant to the plan's governing documents, including the Trust Agreement. The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports"). The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7. Defendant breached the provisions of the Trust Agreement and the CBA by failing to submit fringe benefit contributions from January, 2016 through

the present in the amount of $19,296.00.

8. In addition to the contributions due, Defendant has also incurred late fees for prior periods. Between the period of June 2011 and November 2015, Defendant has submitted untimely fringe benefit reports and contributions to Plaintiff Funds on 22 separate occasions. The Trust Agreement requires a late assessment to be imposed if contributions are not paid by the 30th day of the month after the contributions are due. See the Trust Agreement, Article V, Section 5, attached hereto as **Exhibit B**. Accordingly, Defendant has incurred a total of $52,781.62 in late fees as a result of these late submissions.

9. Plaintiffs have requested that Defendant become current and perform its obligations listed above, but Defendant has failed and refused to so perform.

10. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by paying liquidated damages on the whole amount of contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

11. As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an

amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

WHEREFORE, Plaintiffs pray:

A.  That the Defendant be ordered to submit the unpaid contributions referenced in Count I pursuant 29 U.S.C. §§1132(g)(A), 1145;

B.  That the Defendant be ordered to pay interest on the delinquent contributions referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);

C.  That the Defendant be ordered to pay liquidated damages on the delinquent contributions referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);

D.  That Defendant be ordered to pay the late assessments referenced in Count I pursuant to 29 U.S.C. §1145.

E.  That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);

F.  That Plaintiffs be granted such other relief as the Court deems just and equitable.

BY:/s/ Kristin M. Reepmeyer
KRISTIN M. REEPMEYER

Kristin Reepmeyer
ARDC #: 6311325
Gregorio ♦ Marco, P.C.
Attorney for Plaintiffs
2 North LaSalle Street
Chicago, IL 60602
(312) 263-2343